The opinion of the Court was delivered by
O'Neall, J.
The ground on which the bill seeks relief, is that a part of the land sold by the testator to the complainant, is covered by a paramount title in a third person. It is not pretended that this was not known to the complainant at the time of the trial of the action in the Court of law for a part of the purchase money: indeed, on the trial of that cause, the defect was set up'by way of discount, and being unable to sustain it by proof, it was withdrawn. The complainant does not now seek a recision of the contract, on the ground, that the object of his purchase is defeated by the part covered by a paramount title ; he asks for a pro rata, or relative compensation for the land to which he alleges the testator had no title. .
Can the- complainant, under these circumstances, ask the aid of the Court of Equity ? The rule is, when a party may,'at law, avail himself of a defence, and neglects so to do, that he cannot afterwards apply to the Court of Equity for an injunction. (1 Johns., Ch. 98, 465; 61 b. 87 ; 4 Johns., R. 510.) If this was not so, a suit at law would be nothing more than the *145 commencement of a suit in Equity. A party might at pleasure, withdraw his defence at law, and subsequently set it up in Equity. This cánnot be allowed. If a party can defend himself, and fails to do so, he has no Equity which entitles him to relief. The defence, proceeding upon the ground, that part of the land to which the testator had no title had been taken from the purchaser, was matter of compensation, and not of recision, and was a legal defence, and might have been set up. The ground assumed by the case of Bordeaux vs. Cave, (1 Bail., 250,) is, that when the defect of title does not amount to an entire want of title in the vendor, in the whole of the land sold, but still goes to rescind the contract, on the ground that the main object of the purchase is defeated by the defect, and the purchaser is in possession, the defence is an equitable, and not a legal one: and in such a case, relief in equity would be afforded after judgment obtained at law. A partial failure of the consideration is a legal defence; and perhaps more peculiarly proper for a Court and Jury, than almost any other. How much is the defendant injured by the land to which he has acquired no title by his purchase, is always the question. This must depend upon the relative value of the part so lost to the whole tract: this makes it strictly a question of damages, depending upon the opinion of witnesses, and in such a case the verdict of a jury is greatly to be preferred to any other mode of decision.
I will not say, that the complainant may not have some claim to relief on a proper statement of the case. If, as was said at the bar, the land to which the testator had no title, is embraced in his deed of conveyance, and there is a covenant of warranty, the existence of a paramount title would be a breach of the covenant of seizin : and if more than four years has not intervened between the execution of the deed, and the commencement of the suit, the complainant by proceeding on the covenant of warranty in Equity, and alleging that the executrix is out of the State, and that the funds of the testator are within it, might entitle himself to relief. But the case made in the bill, *146 proceeds on the misrepresentation made at the sale, or rather on the implied warranty of title, which at law is presumed to extend to all the land pointed out at the time of sale. This is strictly a defence, arising out of the sale, and if not set up at law, cannot be set up in Equity.
It is, therefore, ordered and decreed, that the Circuit decree be reversed, that the injunction be dissolved, and the bill dismissed with costs.
JohnsoN and Martin, JJ., concurred.

Decree reversed.